IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY M. TURNER                                                                                       PLAINTIFF

v.                                        Case No. 6:25-cv-6022

SHERIFF JASON WATSON,
Clark County, Arkansas and
ADMINISTRATOR BRIAN
WINGFIELD, Clark County
Detention Center                                                                                      DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed on May 16, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 58. Judge Ford recommends that Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") (ECF No. 3) be denied. Plaintiff has responded with objections. ECF No. 15. The Court finds the matter ripe for consideration.

### I. BACKGROUND

This is a civil rights action filed by Plaintiff, who is a self-represented litigant. Plaintiff alleges that he was injured after he fell twice in the shower while incarcerated at the Clark County Detention Center ("CCDC"). Plaintiff claims that he fell because the shower was not equipped for disabled inmates in wheelchairs such as himself. Specifically, he alleges that the shower lacked handrails, mats, or a shower chair. Plaintiff alleges that he was diagnosed with a concussion and suffered acute pain of the left knee and shoulder after one of the falls. As a result of the other fall, Plaintiff alleges that he suffered a cut on his arm, which did not require immediate medical attention.

On February 19, 2025, along with his Complaint, Plaintiff filed a Motion to Proceed IFP.

The Court entered an Order noting that Plaintiff is ineligible to proceed IFP under the three-strikes provision of 28 U.S.C. § 1915(g).  Plaintiff was given the opportunity to respond to this order to establish why § 1915(g) would not apply to this lawsuit.  Plaintiff responded to the Order stating that he was in imminent danger of suffering serious bodily harm at the time he filed his complaint.  ECF Nos. 5, 11.  Plaintiff also indicated that he had been transferred to the Arkansas Division of Correction ("ADC") on February 28, 2025.  ECF No. 11.

Judge Ford recommends that the Court deny Plaintiff's Motion to Proceed IFP because Plaintiff is not eligible for the imminent danger of serious physical injury exception to his three-strike status.  ECF No. 12, pp. 4-5.  Plaintiff objects to this finding, arguing that he was in imminent danger of serious physical injury at the time he filed his complaint, because the issues with the shower at the CCDC had not been remedied.  ECF No. 15.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally,

"objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III.  DISCUSSION

Plaintiff does not dispute the fact that he has previously filed at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim. *See* ECF No. 12, p. 3. Thus, the Court agrees with Judge Ford that Plaintiff may only proceed IFP if he "is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g) (providing that three-strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The imminent danger exception to § 1915(g) applies only if the prisoner alleges that he is in imminent danger at the time of filing, and "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

To invoke the imminent danger of serious physical injury exception, an inmate must provide "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003 (cleaned up). Conclusive and general assertions are insufficient to trigger this exception. *Id.*

The Court agrees with Judge Ford that Plaintiff fails to show with the requisite specificity that he was in danger of ongoing serious injury or that a pattern of misconduct evidenced the likelihood of imminent serious physical injury. In his complaint, Plaintiff alleges that on June 3,

2024, he was injured when he fell in the shower and that he fell again a few days later. On February 19, 2025, he filed his Complaint in this case. ECF No. 1. It appears that between June 3, 2024, and February 19, 2025, Plaintiff did not suffer any additional injuries from falling in the shower. Plaintiff states that he is seeking monetary compensation for past injuries that he allegedly suffered after he fell in the shower at the CCDC on two occasions that occurred within a few days of each other. His complaint is focused on these past injuries, and he generally concludes that the CCDC is not suited for disabled inmates. However, the complaint contains no allegation of an ongoing serious physical injury or that imminent serious physical injury is likely to occur soon. Accordingly, the Court finds that the allegations in the Complaint (ECF No. 3) are insufficient to invoke the imminent serious physical injury exception to § 1915(g). Consequently, Plaintiff's Motion to Proceed IFP (ECF No. 3) must be denied.

### IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Ford's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 15) and completely adopts the Report and Recommendation. ECF No. 12. Accordingly, the Court finds that Plaintiff's Motion to Proceed IFP (ECF No. 3) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 16th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge