IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


COREY TURNER                                                                          PLAINTIFF

v.                                    Civil No. 6:25-cv-06022-SOH-MEF

SHERIFF JASON WATSON
(Clark County, Arkansas);
ADMINISTRATOR BRIAN WINGFIELD
(Clark County Detention Center)                                                      DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's failure to pay the filing fee for this case.

### I.  BACKGROUND

Plaintiff filed his Complaint and Motion to Proceed *in forma pauperis* ("IFP") on February 19, 2025.  (ECF Nos. 1, 2).  That same day, the Court entered a provisional filing Order noting that Plaintiff appeared to be ineligible for IFP status due to having at least three prior cases dismissed as a strike pursuant to 28 U.S.C. § 1915(g).  (ECF No. 3).  Plaintiff was given the opportunity to advise the Court why he believed that the cases listed in the Order did not constitute strikes or, alternatively, why he believed the three-strikes rule did not apply to this case.  (*Id.*).  Plaintiff was given until March 17, 2025, to provide this information to the Court.  (*Id.*).  Plaintiff filed a Notice of Address change on March 12, 2025.  (ECF No. 7).  Although the initial Court

1

Order had not been returned as undeliverable, the Court sent another Order giving Plaintiff the opportunity to address his eligibility to proceed IFP. (*Id.* at 8). The deadline for him to do so was set for April 8, 2025. (*Id.*).

Plaintiff submitted a Response on April 4, 2025. (ECF No. 11). On May 16, 2025, the undersigned entered a Report and Recommendation that Plaintiff's Motion to Proceed IFP be denied. (ECF No. 12). The Report was adopted on September 16, 2025. (ECF No. 16).

Plaintiff filed his Notice of Appeal on October 1, 2025. (ECF No. 17). On November 12, 2025, the Eighth Circuit Court of Appeals entered an Order noting that Plaintiff has three strikes under 28 U.S.C. § 1915(g), and he could not proceed with his appeal without first paying the full appellate docketing fee. (ECF No. 24). On March 27, 2026, the Court of Appeals entered a mandate dismissing Plaintiff's appeal because he failed to either pay the filing fee or demonstrate eligibility to proceed under Section 1915(g). (ECF No. 25).

The undersigned then entered an Order directing Plaintiff to submit his filing fee for this case in full by April 27, 2026, or his case would be dismissed. (ECF No. 26). This Order was not returned as undeliverable. To date, Plaintiff has failed to submit his filing fee.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

2

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with a Court Order. He has failed to pay the applicable filing fee. Plaintiff has, therefore, failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

3

DATED this 15th day of May 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE